FILED

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

99 SEP 17 AM 10: 03

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| JOHN WHITE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 98-L-1987-NW |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, | ) ) | |
| Defendant. | ) ) ) | |

ENTERED

SEP 17 1999

## MEMORANDUM OPINION

Before this court is the defendant's Motion for Summary Judgment, filed on May 20, 1999. After careful consideration of the briefs and evidentiary materials submitted, the court finds that the defendant's motion is due to be GRANTED, and this action will be dismissed with prejudice.

### Facts

Mr. White obtained health benefits coverage, effective October 1, 1996, under the terms of an employee welfare benefits plan established and maintained by his employer, Villareal Pizza. Defendant, Blue Cross and Blue Shield of Alabama, is the insurer

16

and claims administrator of the Villareal Plan ("the Plan").

The Plan requires a 270-day waiting period for pre-existing conditions and defines a pre-existing condition to include:

> "any condition . . ., disease, disorder, or ailment . . . either (a) which exists on or within 12 months before the effective date of the member and which would cause an ordinarily prudent person to have sought advice, care, or treatment, or (b) for which there was any medical or surgical treatment, advice, or diagnosis within 12 months prior to the effective date of the member."

In addition, the Plan vests Blue Cross with discretionary authority to determine eligibility for benefits and interpret the Plan: "[b]y submitting a claim for benefits you agree that any determination Blue Cross makes in deciding claims or administering the contract that are reasonable and not arbitrary and capricious will be final."

On August 16, 1996, Mr White went to the hospital complaining of rectal bleeding, explaining that he had periodically passed blood for the past two years and had passed large amounts of blood that particular day. After examination, the hospital's attending physician sent Mr. White to Dr. Robert Bailey. Mr. White, on both August 27, 1996 and September 9, 1996, went to a scheduled appointment only to leave because he did not want to wait to see Dr. Bailey. He finally saw Dr. Bailey on November 11, 1996. Dr. Bailey's records indicate the

same complaints as described above along with a report of a loss of ten pounds in the last three months. On November 18, 1996, Mr. White was admitted to the hospital for six days with a diagnosis of malignant neoplasm, and Dr. Bailey performed a colostomy. Mr. White's type of cancer was diagnosed as adenocarcinoma, a type of cancer which grows slower than squamous cell carcinoma. His cancer had already grown to 15 centimeters.

Blue Cross determined that Mr. White's cancer was a pre-existing condition under the Plan and denied his claims accordingly. Blue Cross' reviewing physician, Dr. William Hansford, concluded that advanced colorectal cancer of Mr. White's extent and type could not have developed between the effective date of coverage, October 1, 1996, and the date of diagnosis, November 18, 1996. In other words, Dr. Hansford concluded that Mr. White had this cancer at least as early as the effective date, if not earlier. Dr. Bailey, the diagnosing physician, wrote Blue Cross, on February 6, 1998, stating that "to the best of [his] knowledge, Mr. White did not have cancer until 11-18-96," the date Dr. Bailey diagnosed the cancer.

## Analysis

In reviewing a motion for summary judgment, the motion is granted if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317

(1986); <u>United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama</u>, 941 F.2d 1428, 1437 (11th Cir. 1991). As there is no genuine issue as to any material fact, the only question left to be resolved is whether plaintiff has stated any claim under which he can recover.

In determining whether the motion for summary judgment should be granted as to plaintiff's claim for benefits, the claim decision "is to be reviewed under a <u>de novo</u> standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989).

The Eleventh Circuit has held that the arbitrary and capricious standard of review applied to a Blue Cross policy which stated, "[a]s a condition precedent to coverage, it is agreed that whenever [Blue Cross] makes reasonable determinations which are not arbitrary and capricious in the administration of the [plan] ..., such determinations shall be final and conclusive." <u>Lee v. Blue Cross/Blue Shield of Alabama</u>, 10 F.3d 1547, 1549-50 (11th Cir. 1994); <u>Brown v. Blue Cross and Blue Shield of Alabama, Inc.</u>, 898 F.2d 1556, 1559 (11th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1040 (1991). Similarly, the plan <u>sub judice</u> states, "[b]y submitting a claim for benefits, you agree

that any determination Blue Cross makes in deciding claims or administering the contract that are reasonable and not arbitrary and capricious will be final." While this passage is not identical to those which have been held to confer arbitrary and capricious review, the effect is the same. Thus, plaintiff's claim for benefits is subject to review under the arbitrary and capricious standard when examining both findings of fact and plan interpretations. See Buckley v. Metropolitan Life, 115 F.3d 936, 940 (11th Cir. 1997)(stating that the same Firestone-based standards of review apply to factual findings as well as plan interpretations).

   The arbitrary and capricious standard requires the court to look only to the facts known to Blue Cross at the time the decision was made to deny coverage of plaintiff. Lee, 10 F.3d at 1550; Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1139 (11th Cir. 1989). First, the court must determine if plaintiff has proposed a sound interpretation of the plan to rival Blue Cross' interpretation. Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1481 (11th Cir.), cert. denied, 115 S. Ct. 2002 (1995); Lee, 10 F.3d at 1550; Brown, 898 F.2d at 1570. If the claimant has established a reasonable interpretation, the court must determine whether Blue Cross was arbitrary and

capricious in adopting a different interpretation. <u>Florence Nightingale</u>, 41 F.3d at 1481; <u>Lee</u>, 10 F.3d at 1550; <u>Brown</u>, 898 F.2d at 1570. "A wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected beneficiary . . . unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries." <u>Lee</u>, 10 F.3d at 1550 (quoting <u>Brown</u>, 898 F.2d at 1566-67).

Blue Cross interpreted the definition of a pre-existing condition and determined that plaintiff's cancer fell within the realms of the definition. Using the facts before Blue Cross at the time of its decision, it was neither arbitrary nor capricious for defendant to determine, in accordance with section (a) of the definition, that plaintiff suffered from a pre-existing condition before the effective date and sought medical advice for this condition before such date. Likewise, under section (b) of the definition, medical advice was given for this condition before the effective date.

Plaintiff proposed no alternative interpretation of the plan nor has he offered any evidence that Blue Cross' decision advanced its own self-interest. Plaintiff relies on the February 6, 1998, letter from Dr. Bailey to assert that Mr. White did not

have cancer until November 18, 1996. However, this letter was not before Blue Cross at the time its decision was made, and as such, it is irrelevant. In addition, as defendants properly contend, this letter merely stands for the proposition that Dr. Bailey did not have personal knowledge of plaintiff's condition until November 18, 1996. The size and extent of Mr. White's cancer support this proposition. Therefore Blue Cross did not act arbitrary and capricious is its determinations and, as such, is entitled to judgment as a matter of law.

### Conclusion

Summary judgment is appropriate as to plaintiff's claims. Thus, as established above and set out in the accompanying order, this court is today granting the defendants' motions for summary judgment.

DONE this 16th day of September 1999.

_____
SENIOR JUDGE